IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID M. TERKELTAUB, | * | |
| Plaintiff. | * | Civil No. RDB-20-cv-2053 |
| v. | * | |
| INTERMARINE, LLC n/k/a ZEAMARINE AMERICAS, LLC, *et al*. | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS INDUSTRIAL MARITIME CARRIERS, LLC AND INTERMARINE, LLC N/K/A ZEAMARINE AMERICAS, LLC'S**
<u>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

Industrial Maritime Carriers, LLC and Intermarine, LLC n/k/a Zeamarine Americas, LLC, by its attorneys, submit this Reply Memorandum in Support of their Motion for Summary Judgment.

**I.     Introduction**

Plaintiff's Opposition fails to identify any material facts in dispute, mandating summary judgment in favor of Industrial Maritime Carriers, LLC and Intermarine LLC, n/k/a Zeamarine Americas, LLC (together, the "Charterer Defendants") on all counts under Fed. R. Civ. Proc. 56.[1]

Despite quoting extensively from the Time Charter for the M/V INDUSTRIAL GRACE (the "Vessel"),[2] a contract to which Charterer Defendants are neither parties nor signatories, Plaintiff's Opposition also fails to establish that Charterer Defendants owed him any duty of care.

---

[1] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a); *See also Jones v. Navix Line, Ltd.,* 944 F. Supp. 468, 471 (E.D. Va. 1996) (Movants have demonstrated the lack of material factual dispute, and "[a]s the non-moving party with the ultimate burden of proof, the plaintiff must then come forward with evidence that creates an issue of material fact on this element of his case.")

[2] *See* Rec. Doc. 78, pp. 3-7 (*quoting* July 2015 Time Charter, Rec. Doc. 78-2, Exhibit 1.) The Time Charter is the October 3, 1946 Government Form approved by the New York Produce Exchange.

Plaintiff focuses on one provision of the Time Charter, Clause 8,[3] for the proposition that the inclusion of Clause 8 in the Time Charter between Projekt Schiff 1 GMbH & Co. KG, the Vessel's registered owner, and Industrial Maritime Carriers Bermuda Ltd., a non-party, causes Charterer Defendants to be liable to Plaintiff.[4]  This is simply not the law of courts in this Circuit.  Rather, they follow the "settled law" applicable here that a "time charterer is not liable to an injured longshoreworker."[5]  Even if the Charterer Defendants had a level of control of the Vessel and her crew that could result in responsibility to Plaintiff, which they did not, none of the limited *Scindia* duties Charterer Defendants could possibly owe to Plaintiff was breached.

## II. Charterer Defendants Have No Direct Liability to Plaintiff Regardless of Clause 8

Plaintiff relies on three decisions, one an arbitration award,[6] to argue that Clause 8 imposes "dual responsibility" on the Vessel's Owners and Charterer Defendants to injured longshoremen like him.  Not one of these decisions supports a time charterer's liability to a longshoreman.  Plaintiff's reliance on *Fernandez v. Chios Shipping Co.* is misplaced because, as Plaintiff quoted,

---

[3] *See* Rec. Doc. 78-2, Exh. 1, Time Charter, lines 76 – 79:

> 8. That the Captain shall prosecute his voyages with the utmost dispatch, and shall render all customary assistance with ship's crew and boats.  The Captain (although appointed by the Owners), shall be under the orders and direction of the Charterers as regards employment and agency; and Charterers are to load, **lash, tally secure**, stow, and trim, **unlash, unsecure and discharge** the cargo at their expense under the supervision of the Captain, who is to sign **or if required by Charterers, Owners authorize Charters and/or their Agents to sign** Bills of Lading for cargo as presented in conformity with Mate's ~~or Tally Clerk's~~ receipts.  **If Vessel is on sub-charter to third parties signing of Bill of Lading by sub-charterer or their agents to be subject to Owners prior approval.**  (Modifications in original).

[4] As contemplated by the Time Charter, Industrial Maritime Carriers Bermuda Ltd. subchartered the Vessel to Charterer Defendants.  *See* Rec. Doc. 78-2, Exh. 1, page 1 of Time Charter, lines 16- 17 ("Charterers to have liberty to sublet the vessel for all or any party of the time covered by this Charter, but Charterers remaining responsible for the fulfillment of this Charter Party.")

[5] Indemnity and responsibilities to third parties, 2 Thomas J. Schoenbaum *Admiralty & Mar. Law* § 11:18 (6th ed.)

[6] As the United States Court of Appeals for the Fourth Circuit has clearly stated, "arbitration awards have no precedential value." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.,* 991 F.2d 141, 147 (4th Cir.1993) (*citing, Smith v. Kerrville Bus. Co.,* 709 F.2d 914, 918 n. 2 (5th Cir.1983); *Little Six Corp. v. United Mine Workers, Local Union No. 8332,* 701 F.2d 26, 29 (4th Cir.1983)).

the United States District Court for the Southern District of New York considered whether inclusion of Clause 8 in the charter party entitled the shipowner to indemnity from the charterer for the longshoreman's injuries. 458 F. Supp. 821 (S.D.N.Y. 1976). The charterer faced no claim from and no direct liability to the injured longshoreman in that matter—the charterer only faced liability as an indemnitor of the owner under Clause 8. *Id.* at 824. Just as Plaintiff states in the Opposition, Clause 8 relates to the "interplay between Vessel Owner and Charterer," not the injured third-party. Rec. Doc. 78, page 14 of 18.

The arbitration award Plaintiff cites, *RELIANCE SHIPPING CORPORATION, Owners of the M/V "RELIANT", and GULF MID-EAST LINES, Charterers., No. 3077*, as well as the second, Southern District of New York decision in the Opposition, *Duferco S.A. v. Ocean Wide Shipping Corp.*, similarly question only the charterer's contractual indemnity obligations to the ship owner,[7] not the charterer's potential tort liability to an injured longshoreman. The arbitration panel explains the distinction between the two causes of action as follows:

> We believe the difference between the Second and the Fifth circuits arises from the failure of certain Courts to recognize the distinction between indemnity claims brought by shipowners against time charters and negligence claims brought by longshoreman against time charterers and/or owners.
>
> Tort actions arise separate and independently from the agreement of the parties, and the right of the third persons, such as longshoreman, cannot be affected by the intend [sic] of the parties to the contract, The Bird of Paradise, 72 U.S. 545 (1866).[8]

Plaintiff relies solely on these three decisions considering indemnity claims by shipowners

---

[7] The arbitration award made no ruling on this point, and the only conclusion of the arbitration award was that Second Circuit law should apply to the charter party at issue. *See* page 6 of 9 of Arbitration Award, Rec. Doc. 78-2, attached as Exhibit 20 to Plaintiff's Opposition, Rec. Doc. 78. Further, it is clear simply from the title of the arbitration award that it has no relevance to a longshoreman's direct claims against a time charterer. *See,* "In the Matter of the Arbitration - between - RELIANCE SHIPPING CORPORATION, Owners of the M/V "RELIANT", and GULF MID-EAST LINES, Charterers., No. 3077.

[8] Rec. Doc. 78-2 at page 5 of 9.

3

against time charterers, not tort actions by longshoremen against time charterers.  Although the relevance of these cases could be at issue in an arbitration proceeding between the Vessel's owners and the Charterer Defendants, they serve no purpose here.[9]

A time charterer is not liable to an injured longshore worker, regardless of whether Clause 8 is included in the charter party.  As Plaintiff recognizes, the 1946 New York Produce Exchange Charter is "the standard Time Charter customarily used in the industry," and the standard form includes Clause 8.[10]  The Fourth Circuit Court of Appeals has not explicitly spoken on Clause 8's lack of effect on a time charterer's obligations to a longshoreman.  *But see, Bernard v. U.S. Lines, Inc.,* 475 F.2d 1134, 1135–36 (4th Cir. 1973)(finding that "the charter party created no contractual duty to the longshoreman on the part of the United States as time charterer.")  However, there is district court precedent that a time charterer does not owe any duties to a longshoreman under charter parties that include Clause 8.[11]

For example, the United States District Court for the Eastern District of Virginia, Norfolk Division held in *Jones v. Navix Line, Ltd.* that although Clause 8 may place financial responsibility of loading and unloading cargo on the time charterer, responsibility for the crew's actions remains with the vessel's owner.  944 F. Supp. 468, 470 (E.D. Va. 1996)(citing, *Harris v. S.P. Shipping Co.,* 818 F. Supp. 149, 151 (E.D. Va. 1993)[12]; *Shaw v. S. African Marine Corp.,* 1983 A.M.C.

---

[9] That said, Charterer Defendants have no privity of contract with the Vessel's owners, and thus, the indemnity-related case law is also unlikely to be relevant.

[10] Rec. Doc. 78, p. 3 of 18.

[11] Other jurisdictions have similar precedent as well.  *See, i.e., Robinson v. Orient Marine Co.,* 505 F.3d 364, 366 (5th Cir. 2007) (finding that time charterer was not liable to longshoreman, as Clause 8 did not expand time charterer's duties to the longshoreman); *Hayes v. Wilh Wilhelmsen Enterprises, Ltd.,* 818 F.2d 1557, 1559 (11th Cir. 1987) (upholding trial court finding that Clause 8 of time charter was not a contrary agreement to general rule that a time charter "who has no control over a vessel assumes no liability for negligence of the crew or unseaworthiness of the vessel.").

[12] "The settled law in the Eastern District of Virginia is that a time charterer under the standard form charter at issue here is not liable for injuries incurred by persons involved in unloading the ship." *Harris v. S.P. Shipping Co.,* 818 F. Supp. 149, 151 (E.D. Va. 1993).

1578, 1581 (E.D. Va. Apr. 8, 1982)[13]; *Wyche v. Oldendorff,* 284 F. Supp. 575, 576–77 (E.D. Va. 1967)[14]).  In *Navix Line*, plaintiff Jones, a longshoreman, suffered injuries when a vessel's crew pulled a mooring line that should have been slack.  Jones sued the vessel and its time charterer, both of which sought summary judgment.  As here, Clause 8 of the time charter was slightly modified by the parties, but the court found that time charter was "a standard one" that left "responsibility for crew's actions with owner of vessel." *Id.* at 470.  Jones, like Plaintiff here, had "pointed to no act by time charterer which could be construed as negligent." *Id.* at 468, 471.  The court held that "[u]nder the clear dictates of this Court's precedents, [the time charterer] is not responsible for injuries to a longshoreman caused by the negligence of the crew of the [vessel] and therefore it is entitled to summary judgment," explaining that "to hold a time charterer responsible for the negligence of the chartered vessel's crew 'would defeat the purpose of including Clauses Eight and Twenty-Six in the time charter.'" *Id.* at 471, 470.[15]

The courts in the Fourth Circuit have recognized that there is (limited) opposing authority about the meaning of Clause 8, but those decisions all ultimately concerned the shipowner's indemnity claim against the time charterer – again, not the longshoreman's claim against the time charterer.[16]  Thus, even if Clause 8 does shift certain responsibilities to a time charterer, the effects,

---

[13] Considering substantially similar Clauses 8 and 26 to here and finding, "the time charter presently before the Court fails to establish liability on the part of [time charterer] for plaintiff's injuries. . . . Moreover, the Court notes the absence of any evidence showing an affirmative duty owed by the time charterer for plaintiff's injuries." *Shaw v. S. African Marine Corp.,* 1983 A.M.C. 1578 (E.D. Va. Apr. 8, 1982)

[14] Notwithstanding inclusion of Clause 8, "[w]here there is no demise of the vessel, the authorities are in accord that time charters owe no warranty of seaworthiness to seamen, longshoremen." *Wyche v. Oldendorff,* 284 F. Supp. 575, 577 (E.D. Va. 1967).

[15] Notably, Plaintiff did not include Clause 26 in his litany of quotes from the Time Charter.  Clause 26 provides "Nothing herein states is to be construed as a demise of the vessel to the Time Charterers.  The owners to remain responsible for the navigation of the vessel, **acts of pilots, tugboats and bunker barges, insurance, <u>crew</u>**, and all other matters, same as when trading for their own account." *See* Rec. Doc. 78-2, Exh. 1, lines 170-71. (emphasis added).

[16] *See, i.e., Turner v. Japan Lines, Ltd.,* 651 F.2d 1300, 1306 (9th Cir. 1981), *abrogated by Howlett v. Birkdale Shipping Co., S.A.,* 512 U.S. 92, 114 S. Ct. 2057, 129 L. Ed. 2d 78 (1994).

if any, are only between the contracting parties and do not cause time charterers to have additional duties or obligations to longshoremen or grant any benefits to longshoremen.

### III. Plaintiff Fails to Identify Any Breach of a *Scindia* Duty

As previously detailed in Charterer Defendants' memorandum in support of summary judgment, the only even hypothetical basis for liability to Plaintiff would be governed by the three *Scindia* duties.[17] None of the duties is applicable here, much less breached by Charterer Defendants. Nevertheless, Plaintiff details two decisions, *Vargas v. APL Ltd.* and *Dickerson v. M/V Prolivilkit Skogo,* as "helpful in viewing the issue of summary judgment."[18] While these cases do involve falls from ladders and summary judgment motions, that is the extent of their similarities to the current matter. Critically, neither decision involves claims against a time charterer, as here. In *Vargas*, plaintiff stevedore brought a lawsuit against the vessel owners, not a time charterer.[19] The same is true of *Dickerson*, where plaintiff longshoreman brought claims against the vessel owner and the technical manager, again, not a time charterer.[20]

Further, Plaintiff mistakenly states that in *Vargas,* summary judgment was denied based on the principles of *Scindia*; however, the Motion for Summary Judgment there was granted in part and denied in part.[21] Specifically, the court granted the vessel owner's motion as to the claim of duty to intervene, reasoning that there was no evidence that the vessel had "actual knowledge" of any failure to exercise reasonable care.[22] Similarly, Plaintiff has failed to provide even an iota of evidence that the Charterer Defendants had "actual knowledge" of any hazard that was either

---

[17] *Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156 (1981)

[18] *See* Rec. Doc. 78, p. 13 of 18.

[19] 431 F.Supp.3d 82, 84 (E.D.N.Y.2019).

[20] 2007 WL 1499753, at *1 (D.S.C. Jan. 5, 2007).

[21] 431 F.Supp.3d at 95.

[22] *Id.*

unknown to the stevedore or could not have been anticipated by a skilled stevedore in the competent execution of its work. *See Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 497 (5th Cir. 2002). Therefore, should the Court even reach the *Scindia* factors (which is unnecessary and inappropriate as applied to a time charterer), the Court should similarly grant summary judgment on the duty to intervene.

Finally, as detailed and fully supported in Charterer Defendants' original memorandum in support of summary judgment, the Vessel had been turned over to the stevedore/longshoremen for discharging operations <u>days</u> before the incident occurred, so there can be no breach of the turnover duty. Likewise, the incident occurred in the Vessel's cargo hold, while the longshoremen were discharging the Vessel. No crew members were in the hold at the time of the incident. Unlike the cases cited by Plaintiff, there is no plausible argument that the crew maintained active control over the cargo hold or the ladder involved in the incident.

### IV.     Conclusion

For all the reasons set forth above, this Court should continue to uphold the "settled law" that time charterers owe no duties of care to longshoremen and grant Charterer Defendants' Motion for Summary Judgment.

Dated:  December 13, 2022                                Respectfully submitted,

                                                                                  _____/s/_____
                                                                                  Jack R. Daley (Federal Bar No. 29187)
                                                                                  BAKER, DONELSON, BEARMAN,
                                                                                  CALDWELL & BERKOWITZ, PC
                                                                                  100 Light Street, 19th Floor
                                                                                  Baltimore, Maryland 21202
                                                                                  Telephone:  410-685-1120
                                                                                  Email: jdaley@bakerdonelson.com

                                                                                  *Attorney for Defendant Industrial Maritime*

7

               *Carriers, LLC and Intermarine, LLC n/k/a Zeamarine Americas, LLC*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 13th day of December 2022, a copy of the foregoing Reply Memorandum in Support of Motion for Summary Judgment was served via the Court's electronic filing system on:

Paul D. Bekman
Bekman, Marder, Hopper, Malarkey & Perlin, L.L.C.
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
bekman@mdtrialfirm.com
*Attorney for Plaintiff*

Richard Bader
Bader & Cooper
201 N. Charles Street, Suite 2301
Baltimore, MD 21201
Rmb36@comcast.net
*Attorney for Plaintiff*

Frank P. DeGiulio, Esquire
Palmer, Biezup & Henderson, LLP
222 Prince George Street, Suite 102
Annapolis, MD 21401
fpd@pbh.com
*Attorneys for Defendants, Projekt Schiff 1 GmbH & Co. KG*
*And Auerbach Bereederung GmbH & Co. KG*

Charles P. Neely, Esquire
Palmer, Biezup & Henderson, LLP
190 N. Independence Mall West, Suite 401
Philadelphia, PA 19106
cneely@pbh.com
*Attorneys for Defendants, Projekt Schiff 1 GmbH & Co. KG*
*And Auerbach Bereederung GmbH & Co. KG*

                */s/*
                Jack R. Daley